**Jose JAIME, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 80949.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 29, 2002.

Douglas R. Hoff, Assistant Public Defender, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Andrea Mazza Follett, Asst. Attorney General, Jefferson City, MO, for Respondent.

Before PAUL J. SIMON, P.J. and GARY M. GAERTNER, SR. and KATHIANNE KNAUP CRANE, JJ.

### MEMORANDUM

PER CURIAM.

Jose Jaime (Movant) appeals the judgment denying his Rule 29.15 motion for post-conviction relief.

On appeal, Movant contends the motion court clearly erred when it denied his motion for post-conviction relief because Movant alleged facts which, if proven, would have entitled him to relief. In his amended motion, Movant alleged that he was denied his right to effective assistance of counsel, guaranteed by the Sixth and

Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution in that his trial counsel was ineffective for failing to provide Dr. Daniel Cuneo, Movant's psychiatric expert, with a copy of Movant's statement to the police prior to Dr. Cuneo making his diagnosis. Movant was prejudiced by trial counsel's ineffectiveness because the State used Dr. Cuneo's failure to timely review this statement to discredit his diagnosis of Movant's mental state at the time of the offense.

Following a jury trial during which Movant relied on the defense of mental disease or defect, he was convicted of two counts of murder in the second degree, Section 565.021, RSMo 1995, and two counts of armed criminal action, Section 571.015, RSMo 1995. Movant was sentenced to concurrent sentences of life imprisonment for his murder convictions and one armed criminal action conviction and to a consecutive sentence of life imprisonment for the other armed criminal action conviction. We affirmed the judgment in a summary order. *See State v. Jaime*, 37 S.W.3d 334 (Mo.App. E.D.2000).

Movant filed a pro se Rule 29.15 motion to vacate, set aside, or correct the judgment or sentence. After appointment of counsel, an amended Rule 29.15 motion and request for an evidentiary hearing was filed.

The motion court denied Movant's motion without an evidentiary hearing and in its judgment found: (1) prior to Dr. Cuneo completing his psychological evaluation of Movant, he had not been provided a transcript of Movant's audio tape statement made to police; however, the oral statement was outlined in great detail in the police reports, which Dr. Cuneo read and considered before making his evaluation; (2) when Dr. Cuneo testified at trial, his opinions took into consideration both Movant's initial oral statement outlined in the police report, and the subsequent audio tape statement, which he concluded strongly supported his opinion that Movant was not guilty by reason of mental disease or defect; (3) Dr. Cuneo was adequately prepared for trial by trial counsel, and the fact that Dr. Cuneo had not considered Movant's audio tape statement until after he completed his evaluation of Movant was not prejudicial to Movant; (4) it was not solely the responsibility of trial counsel to provide Dr. Cuneo with Movant's audio tape statement in that if Dr. Cuneo needed or wanted any additional information about the case, such as Movant's audio tape statement, he could have requested the prosecutor or the trial court to provide it to him, which he did not and (5) Movant's trial counsel in all phases of his representation of Movant, exercised the care and skill of a reasonably competent attorney rendering similar services under the circumstances. Therefore, Movant was not prejudiced.

Our review of the record on appeal reveals that the trial court's determination is not clearly erroneous. Rule 29.15(k). An extended opinion reciting detailed facts and restating principles of law would have no precedential or jurisprudential value. We affirm the judgment pursuant to Rule 84.16(b).